IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

NAPOLEON MOMON, )
)
      Appellant, )     No. 03C01-9605-CR-00187
)
)     Hamilton County
v. )
)     Honorable Stephen M. Bevil, Judge
)
STATE OF TENNESSEE, )     (Post-Conviction)
)
      Appellee. )

---

**DISSENTING OPINION**

I agree with most of the majority opinion. However, I respectfully disagree with the standard it uses to conclude that no prejudice was shown to justify relief on the ground of ineffective assistance of counsel. Also, I believe that the case should be remanded for further hearing and detailed findings of fact.

With the majority opinion's determination that the petitioner's right to testify is a fundamental and personal constitutional right, then the loss of that right would violate the constitution regardless of counsel's conduct. In terms of a criminal trial, error of constitutional dimension is ordinarily considered harmful unless the state, as the beneficiary of the error, can show beyond a reasonable doubt that the error was harmless. See Chapman v. California, 386 U.S. 18, 24-26, 87 S. Ct. 824, 828-29 (1967). Moreover, some violations are of a constitutional right so basic to a fair trial that their infraction has never been treated as harmless. See State v. Bobo, 814 S.W.2d 353, 357 (Tenn. 1991) (listing examples).

As for the issue in this case, I note that the right to testify has been viewed as a constitutional right whose violation brings into play the Chapman harmless error analysis. See Campbell v. State, 469 S.W.2d 506, 509 (Tenn. Crim. App. 1971); Wright v. Estelle, 549 F.2d 971, 974 (5th Cir. 1977), aff'd en banc, 572 F.2d 1071, 1072 (1978). I do not believe that this standard should change just because the issue of the ineffective assistance of counsel is involved. Rather, when the deficient performance by counsel is proven to involve a violation of a separate fundamental constitutional trial right, then the prejudice prong of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), should essentially be presumed to be met so as to require the state to prove that the violation was harmless beyond a reasonable doubt.

As a matter of fact, the violation of the fundamental constitutional right to testify can be viewed as an independent ground for post-conviction relief. Under such a view, counsel's deficient conduct is the means by which the petitioner explains why the ground for relief was not waived for failing to raise it in the direct appeal of his conviction. Under either route, though, the fact that there exists a constitutional violation other than the ineffective assistance of counsel cannot be ignored.

As far as prejudice is concerned, I acknowledge that the majority opinion's analysis of the record on appeal presents logical inferences about the lack of importance of the defendant testifying. However, I am far from convinced beyond a reasonable doubt that the defendant's testimony would add nothing significant to his case. The fact that he testified in the first trial that resulted in an acquittal of first degree murder and a hung jury for second degree murder is significant. Moreover, the fact that the only witness to the events was the defendant renders his credibility an important issue in the case. Under these circumstances, it is hard for me to see how the defendant's testimony before the jury could be deemed completely immaterial. In fact, I

2

believe that under the circumstances in this case, that testimony could very well be decisive.

In any event, the trial court made no findings of fact except those inherent in its conclusion that the petitioner's trial attorney acted within the range of competence demanded of counsel in a criminal case. Thus, when we conclude that the trial attorney's actions were deficient, we are left with no factual findings by the trial court.

This means that no finding has been made that would lead to a conclusive determination that the petitioner's right to testify was, in fact, lost at the hands of the trial attorney. I acknowledge that if all of the testimony from the petitioner and the trial attorney are taken as true, one legitimate inference that may be drawn is that the petitioner's right to testify was thwarted by counsel. However, the issue of the credibility of the witnesses is for the trial court to decide, and I believe that the inferences drawn in the majority opinion are not conclusive ones on the record before us. For instance, I believe that it is significant that the petitioner did not testify about any options and rights of which he was aware, nor did his trial attorney testify, nor was he asked to testify, about whether the petitioner was aware of his right to testify and whether the petitioner said that he wanted to testify.

Under all of the circumstances, I believe that justice would be best served by a remand of the case and a further hearing conducted regarding the right to testify issue. Also, the trial court should make findings of fact that are materially relevant to the issue along with its conclusions of law. For the foregoing reasons, I respectfully dissent.

_____

Joseph M. Tipton, Judge